1   D. GILL SPERLEIN (SBN 172887)
2   THE LAW OFFICE OF D. GILL SPERLEIN
3   345 Grove Street
    San Francisco, California 94102
4   Telephone: (415) 404-6615
5   Facsimile (415) 404-6616
    Gill@SperleinLaw.com
6
7   Attorney for Plaintiffs
8
9
                    UNITED STATES DISTRICT COURT
10                  CENTRAL DISTRICT OF CALIFORNIA
11
12   JOHN STAGLIANO, INC.,              )   CASE NO.: 05565 PSG (FFMx)
13   GILBERT GROSSO, GIACINTO           )
     FUSCO, KATHLEEN NUZZO, JON         )   COMPLAINT:
14   RUTKOWSKI, JOSEPH                  )
15   NASSIVERA, CARLTON                 )   (1) COPYRIGHT
     SHURMAN, and MICHELLE              )        INFRINGEMENT;
16   KELLY,                             )   (2) CONTRIBUTORY
17                                      )        INFRINGEMENT;
                                        )   (3) VICARIOUS INFRINGEMENT;
18        Plaintiffs,                   )   (4) FALSE DESIGNATION OF
19                vs.                   )        ORIGIN; and
                                        )   (5) TRADEMARK
20   DIRECT DISTRIBUTIONS, INC.,        )        INFRINGEMENT
21   and BLING BUNKS, INC.,             )
                                        )
22        Defendants.                   )
23                                      )   JURY TRIAL DEMANDED
                                        )
24                                      )
                                        )
25
26
27
28

                                  -1-

## JURISDICTION

1.　　This Court has subject matter jurisdiction over Plaintiffs' claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a). In addition, the Court has jurisdiction over Plaintiff's trademark claims under 15 U.S.C. § 1121(a).

2.　　The Court has personal jurisdiction over Defendants. Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortuous acts both within and outside the State of California causing injury in California. Plaintiffs' claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

## VENUE

3.　　Venue is proper in this Court pursuant to 28 U.S.C. §§ 128391(b)(2) and 1400(a).

## THE PARTIES

4.　　 Plaintiff JOHN STAGLIANO, INC. is a California corporation doing business as EVIL ANGEL® with its principal place of business located at 14141 Covello Street, Suite 8C, Van Nuys, CA 91405. John Stagliano, Inc. produces, markets, and distributes adult entertainment products, including Internet website content, DVDs, photographs, etc. and operates and maintains a website by and

through which its photographic and audiovisual works can be viewed by individuals who pay a fee to access the material.

5.      Plaintiff GILBERT GROSSO, who does business as Euro Angel Productions and Christoph Clark Productions, is a citizen of Hungary engaged in the business of producing and directing adult entertainment products including Internet website content, DVDs, photographs, etc.

6.      Plaintiff GIACINTO FUSCO is a citizen of Ireland engaged in the business of producing and directing erotic movies for distribution on DVDs and by and through the Internet.

7.      Plaintiff KATHLEEN NUZZO is the widow of John Leslie Nuzzo who at all times mentioned herein was a United States citizen engaged in the business of producing and directing erotic movies for distribution on DVDs and by and through the Internet.   KATHLEEN NUZZO is the sole owner of all copyrights originally registered in the name of John Leslie Nuzzo.

8.      Plaintiff JON RUTKOWSKI is a United States citizen engaged in the business of producing and directing erotic movies for distribution on DVDs and by and through the Internet.

9.      Plaintiff JOSEPH NASSIVERA is a United States citizen engaged in the business of producing and directing erotic movies for distribution on DVDs and by and through the Internet.

COMPLAINT

10.     Plaintiff CARLTON SHURMAN is a United States citizen engaged in the business of producing and directing erotic movies for distribution on DVDs and by and through the Internet.

11.     Plaintiff MICHELLE KELLY is a United States citizen engaged in the business of producing and directing erotic movies for distribution on DVDs and by and through the Internet.

12.     Defendant BLING BUCKS, INC. is a New York Corporation and at all times herein mentioned was the registered owner of the Internet domain name pornstar.com, the Internet location by and through which the infringing activity complained of herein occurred.

13.     DIRECT DISTRIBUTIONS, INC. is a New York Corporation doing business as mallcom.com.

## FACTS COMMON TO ALL CLAIMS

14.     Plaintiff John Stagliano, Inc. doing business as EVIL ANGEL® (hereinafter alternatively referred to as EVIL ANGEL) has produced high-quality erotica for twenty years.  During the span of its existence EVIL ANGEL® has won over one hundred and seventy awards at the industry award ceremony held each year.  It has won awards for Best Film, Best DVD, Best Director, Best Music, Best Editing, Best Cinematography, Best Alternative Release, Best Foreign Feature, Best Actress, Best Supporting Actress, and Best Supporting Actor.   The studio has even

won awards for packaging, website, and marketing campaigns.    In 2001, the studio's founder John Stagliano won the Reuben Sturman Memorial Award, an annual award which honors significant contributions to the adult entertainment industry.   More recently, the studio has been recognized with awards for producing movies in High Definition.   Evil Angel Productions is recognized throughout the industry as one of the highest quality producers of erotica.

15.    John Stagliano, Inc. acts as the producer and distributor for a number of erotic film directors including, but not limited to, Giacinto Fusco, Jon Rutkowski, Joseph Nassivera, Carlton Shurman, John Leslie Nuzzon, and Michelle Kelly.   John Stagliano, Inc. holds an exclusive right to distribute the works of these film makers.

16.    John Stagliano, Inc. is licensed to distribute Gilbert Grosso's Christoph Clark line of films on DVD.

17.    John Stagliano, Inc. owns all rights in the U.S. registered trademark EVIL ANGEL® and distributes original content as well as content licensed from other producers, including producers that are plaintiffs in this action, under the EVIL ANGEL® mark.

18.    At all times mentioned herein, Direct Distributions, Inc. operated an on-line store by and through which it sold DVDs which it then shipped directly to customers.   For a number of years John Stagliano, Inc. and Gilbert Grosso sold

DVDs to Direct Distributions, Inc. for resale by and through Direct Distributions' website, mallcom.com

19.     In a separate area of the mallcom.com website, Direct Distributions operated a Video On Demand (VOD) store, where customers paid by the minute to view movies . Alternatively, customers could pay a flat fee to purchase the right to view a movie an unlimited number of times.

20.     At all times mentioned herein, Defendant Bling Bucks, Inc. was the registered owner of the domain name pornstar.com.

21.     Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned both Defendant Direct Distributions Inc. and Defendant Bling Bucks, Inc. held ownership and operational interests in pornstar.com.

22.     By and through the pornstar.com website, Defendants charged customers a flat monthly fee which allowed the customers to view an unlimited number of movies for an unlimited amount of time.  Customers could also download any movie available on the website and view it an unlimited number of times, even if the customer no longer paid the monthly subscription fee to access the website. This type of distribution model is distinct from Video On Demand (VOD) and it is commonly referred to as "unlimited consumption" or sometimes as "all you can eat."  Unlimited consumption sales models tend to be popular with consumers but they are very unpopular for producers, especially producers of high-quality works.

-6-

COMPLAINT

23.   Prior to the infringing conduct, employees of Direct Distribution Enterprises, Inc. approached employees of John Stagliano, Inc. and requested to license its movies for digital distribution through the VOD section of the mallcom.com website.  John Stagliano, Inc. declined.

24.   During approximately the same time period, Defendant Direct Distribution approached Gilbert Grosso seeking a license to distribute Grosso's Christoph Clark line of films by VOD on the mallcom.com website.  Gilbert Grosso entered an agreement for VOD distribution via the mallcom.com website.  He did not contemplate and would not have accepted an invitation to license his works by and through pornstar.com under an unlimited consumption model.   In fact, the licensing agreement did not cover unlimited consumption distribution and Gilbert Grosso did not even know pornstar.com existed.   Any reproduction of Gilbert Grosso's movies on pornstar.com was outside and in no way related to the distribution agreement.

25.   In July of 2009, John Stagliano, Inc. employees discovered that Defendants had reproduced movies for which EVIL ANGEL® held the exclusive distribution rights were distributing and publicly displaying those movies by and through pornstar.com under an unlimited consumption sales model.  Defendants had also reproduced and were distributing and publicly displaying Gilbert Grosso movies under an unlimited consumption sales model.

-7-

26.     Each of the audiovisual works Defendants infringed has been registered with the United States Copyright Office.

27.     Prior to distribution, each of Plaintiffs' works is marked with Plaintiffs' trademarks, a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in Van Nuys, California.

28.     Defendants knew that John Stagliano, Inc.'s principle place of business is in Van Nuys, California and that infringement of its trademarks and copyrights was likely to cause harm in California.

29.     Plaintiffs are informed and believe and based thereon allege that Defendants sold a significant number of memberships to pornstar.com to California residents.

## FIRST CAUSE OF ACTION
### by all Plaintiffs against all defendants for
### COPYRIGHT INFRINGEMENT – 17 U.S.C. §501
Plaintiffs Own Federally Registered Copyrights of the Infringed Works

30.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in the preceding paragraphs.

COMPLAINT

31.    Plaintiffs hold copyright registration certificates from the United States Copyright Office for each of the infringed works.   A list of the infringed works and their corresponding registration numbers is attached hereto as Exhibit A.  Plaintiffs fully incorporate the information set forth in Attachment A as if it were set forth herein.  Plaintiffs reserve the right to amend the pleadings to add additional titles if discovered.

32.    At all times mentioned herein, the various producer Plaintiffs were the registered owners of the copyrights in the infringed movies.

33.     At all times mentioned herein John Stagliano, Inc. held an exclusive license to distribute the Gibert Grosso works in DVD format.

34.    At all times mentioned herein, John Stagliano, Inc. held  an exclusive license to distribute the infringed works of the other producer Plaintiffs.

<u>Without Authorization, Defendants Engaged<br> in Activities Exclusive to Plaintiffs</u>

35.    Defendants, and each of them, reproduced, distributed, and publicly displayed Plaintiffs' audiovisual works by and through pornstar.com.

36.    Plaintiffs did not authorize Defendants' reproduction, display, or distribution of its works by and through pornstar.com.

<u>Defendants Willfully Infringed Plaintiffs' Registered Copyrights</u>

-9-

37.    Defendants specifically requested and were denied permission to electronically reproduce, distribute, or to publicly display through the Internet any EVIL ANGEL® movie.

38.    Defendants knew or should have known that they were not authorized to electronically reproduce, distribute, or publicly display any EVIL ANGEL® movie.

39.    Defendants knew or should have known that they were not authorized to electronically reproduce, distribute, or publicly display any Gilbert Grosso movie by and through any website not specifically identified in the Mallcom Video on Demand License Agreement and knew or should have known that pornstar.com was not so identified in that agreement.

40.    Defendants, knew or should have known their acts constituted copyright infringement.

41.    Defendants' conduct was willful within the meaning of the Copyright Act.

42.    As a result of their wrongful conduct, Defendants are liable to Plaintiffs for copyright infringement pursuant to 17 U.S.C. § 501.  Plaintiffs have suffered, and will continue to suffer, substantial losses, including but not limited to damage to their business reputations and goodwill.

COMPLAINT

43.    Plaintiffs are entitled to recover damages, which include their losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504.  Alternatively, Plaintiffs are entitled to statutory damages under 17 U.S.C. § 504(c).

44.    In addition, because Defendants infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

45.    Plaintiffs are entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
### by all Plaintiffs against all Defendants for
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

46.    Plaintiffs repeat and incorporate by this reference each and every allegation set forth in the preceding paragraphs.

47.    In addition to directly infringing Plaintiffs' works, each Defendant is also contributorily liable for the infringing acts of the other.

48.    Plaintiffs are informed and believe and based thereon allege that each of the Defendants engaged in activities that directly infringed Plaintiffs' registered works by electronically reproducing, distributing, and publicly displaying Plaintiffs' registered works by and through pornstar.com.

49.     Plaintiff are informed and believe and based thereon allege that each of the Defendants induced, caused, and materially contributed to the direct infringing acts of the other Defendant by encouraging, inducing, allowing, and assisting the other Defendant to reproduce, distribute and display Plaintiffs' works by and through the pornstar.com.

50.     Plaintiff are informed and believe and based thereon allege that each of the Defendants had knowledge of the infringing acts of the other.

51.     The acts and conduct of Defendants as alleged above in this Complaint constitute contributory copyright infringement.

### THIRD CAUSE OF ACTION
### by all Plaintiffs against all Defendants for
### VICARIOUS COPYRIGHT INFRINGEMENT

52.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in the preceding paragraphs.

53.     In addition to directly infringing Plaintiffs' works each Defendant is also vicariously liable for the infringing acts of the other.

54.     Each Defendant received a direct financial benefit from the infringing acts of the other Defendant.

55.     Each Defendant had the right and ability to control the infringing acts of the other.

COMPLAINT

56.     The acts and conduct of Defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

## FORTH CAUSE OF ACTION
## by Plaintiff John Stagliano, Inc. against all Defendants for
## TRADEMARK AND TRADE DRESS INFRINGEMENT

57.     Plaintiff John Stagliano, Inc. repeats and incorporates by this reference each and every allegation set forth in the preceding paragraphs.

58.     Plaintiff John Stagliano, Inc. has registered the mark EVIL ANGEL® with the United States Patent and Trademark Office for use in connection with "[d]igital media, namely, pre-recorded video cassettes, digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, and high definition digital discs featuring adult entertainment" and "[e]ntertainment services, namely, providing a web site featuring photographic, audio, video and prose presentations featuring adult entertainment."  The Registration number for the mark is 3849824.

59.     At all times mentioned herein, Defendants provided identical services as Plaintiff John Stagliano, Inc., to the same market, namely, distributing adult content for viewing via the Internet.  Defendants competed directly with Plaintiff John Stagliano, Inc.

60.     Defendants included a counterfeit of the EVIL ANGEL® mark on their website and marketing materials therefore.

61.     Plaintiff John Stagliano, Inc. has made, and continues to make, substantial investments of resources in the production, marketing, and branding of its products sold and otherwise distributed under the EVIL ANGEL® mark.

62.     Plaintiff John Stagliano, Inc. takes great care in creating the look and quality of the films sold under its mark, including the production values inherent in the films themselves, but also including the packaging of its DVDs and the materials provided to consumers with the EVIL ANGEL® goods.

63.     Plaintiff John Stagliano, Inc. exercises a great degree of control and oversight in the production and post-production stages of the creation and marketing of its products.  This is to ensure that all of the Plaintiff's productions retain their distinctive character and quality, so as to maintain EVIL ANGEL®'s reputation in the relevant marketplace.

64.     Plaintiff John Stagliano, Inc. has at all times relevant hereto, taken care to enforce its trademark and to prevent third parties from infringing thereupon.

65.     Plaintiff John Stagliano, Inc. has, at all times relevant hereto, exercised significant control over the technical quality of its goods and services, including but not limited to the Plaintiff's copyrighted works, as well as the packaging, duplication, manufacture, and distribution thereof, in order to maintain the overall

quality of the goods bearing the EVIL ANGEL® mark and to protect the value of the relevant mark.

66.     Defendants' aforesaid activities constitute infringement of John Stagliano, Inc.'s trademark rights under the Lanham Action, including without limitation Section 43(a).

67.     Defendants' unlawful sale of counterfeit movies bearing the EVIL ANGEL® mark constitutes an intentional and unlawful use of the trademark.  This misuse is likely to cause confusion in the marketplace as to the source or origin of the counterfeit movies; is likely to cause consumers to mistake the counterfeit movies for actual goods produced or distributed by Plaintiff John Stagliano, Inc. and is likely to deceive the public accordingly.

68.     Defendants' unlawful use of the Plaintiff's trademark was made in connection with the Defendants' sale of goods that are in direct competition with Plaintiff John Stagliano, Inc. and such sales were made to customers who otherwise would have been customers of John Stagliano, Inc.

69.     This misuse has caused the John Stagliano, Inc.'s customers, members of the relevant trade, and other users to suffer confusion, mistake, and/or to be deceived as to the origin and authenticity of the counterfeit movies.

70.     Defendants engaged in this course of action willfully and with full knowledge and awareness of the superior trademark rights of John Stagliano, Inc.,

and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendants' services are associated with, affiliated with, or licensed by John Stagliano, Inc.

71.     Plaintiff John Stagliano, Inc. is informed, believes, and based thereon alleges that as a direct and proximate result of their conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to the Plaintiff John Stagliano, Inc.

72.     As Defendants' conduct was an intentional act, using the Plaintiff's federally registered trademarks, and undertaken in order to unfairly compete with the Plaintiff's businesses, Plaintiffs are entitled to treble damages, attorney's fees, and costs of suit.

73.     Additionally, Defendants' brazen and willful conduct in this case rises to the level of it being an "exceptional case," thus independently entitling the Plaintiff to an award of its attorneys fees expended in order to bring this action.

74.     John Stagliano, Inc. has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill accumulated through its trademark unless defendants are restrained by this Court.

### FIFTH CAUSE OF ACTION
### by Plaintiff John Stagliano, Inc. against all Defendants for
### FALSE DESIGNATION OF ORIGIN

-16-

75.     Plaintiff John Stagliano, Inc. repeats and incorporates by this reference each and every allegation set forth in the preceding paragraphs.

76.     Defendants' aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

77.     Defendants have created counterfeit movies and attached the EVIL ANGEL® trademark, falsely indicating that the owners of the mark was the origin of the counterfeit movies or otherwise authorized the Defendants' use of the mark on the pornstar.com website which was in every way inferior to the viewing experience associated with EVIL ANGEL® movies viewed through authorized channels.

78.     Defendants' use of John Stagliano Inc.'s trademark is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiff as to the origin, sponsorship or approval of the service provided by Defendants.

## **JURY DEMAND**

79.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial in this case.

## **PRAYER**

COMPLAINT

WHEREFORE, Plaintiffs respectfully requests judgment as follows:

(1)     That the Court enter a judgment against all Defendants that they have:

a.     willfully infringed Plaintiffs' rights in federally registered copyrights under 17 U.S.C. § 501;

b.     willfully infringed Plaintiffs' rights in federally registered trademarks; and

c.     otherwise injured the business reputation and business of Plaintiffs by Defendants' acts and conduct set forth in this Complaint.

(2)     That the Court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from reproducing, posting, selling, distributing, or making any other infringing use or infringing distribution of audiovisual works, photographs, or other materials owned by or registered to Plaintiffs;

(3)     That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiffs' audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(4)     That the Court enter an order requiring a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' illegal activities;

(5)     That the Court order all Defendants to pay Plaintiffs' general, special, actual, and statutory damages as follows:

   a.  Plaintiffs' damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiffs' copyrights;

   b.  Plaintiffs' damages and Defendants' profits or alternatively statutory damages of up to two million dollars ($2,000,000) for Defendants' willful infringement of the EVIL ANGEL® trademark pursuant to 15 U.S.C. §1117

(6)     That the Court order all Defendants to pay Plaintiffs both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504;

(7)     That the Court order Defendants to pay pre and post judgment interest according to law; and

COMPLAINT

(6)     That the Court order all Defendants to pay Plaintiffs both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504;

(7)     That the Court order Defendants to pay pre and post judgment interest according to law; and

(8)     That the Court grant to Plaintiffs such other and additional relief as is just and proper.


Dated:  6/26/2012                        Respectfully submitted,



                                         GILL SPERLEIN
                                         THE LAW OFFICE OF D. GILL SPERLEIN
                                         Attorney for Plaintiffs

-20-

COMPLAINT

EXHIBIT A

| Title | Registration No. | Author / Claimant |
|---|---|---|
| *Fuck Slaves 2* | PA 1-375-427 | Carlton Shurman |
| *(Jazz Duro) Cheek Freaks 2* | PA 1-382-821 | Giacinto Fusco |
| *Ass Jazz 6* | PA 1-368-495 | Giacinto Fusco |
| *Cheek Freaks* | PA 1-375-435 | Giacinto Fusco |
| *Angel Perverse 11* | PA 1-637-393 | Gilbert Grosso |
| *Angel Perverse 8* | PA 1-604-467 | Gilbert Grosso |
| *Angel Perverse 9* | PA 1-620-264 | Gilbert Grosso |
| *Big Natural Tits 16* | PA 1-335-296 | Gilbert Grosso |
| *Big Natural Tits 17* | PA 1-375-422 | Gilbert Grosso |
| *Big Natural Tits 19* | PA 1-607-843 | Gilbert Grosso |
| *Dressed to Fuck* | PA 1-620-575 | Gilbert Grosso |
| *Dressed to Fuck 4* | PA 1-620-575 | Gilbert Grosso |
| *Euro Domination 7* | PA 1-343-807 | Gilbert Grosso |
| *Hungarian Angels* | PA 1-635-372 | Gilbert Grosso |
| *Nasty Intentions* | PA 1-606-766 | Gilbert Grosso |
| *Nasty Intentions 2* | PA 1-629-164 | Gilbert Grosso |
| *Romanian Angels* | PA 1-606-720 | Gilbert Grosso |
| *Russian Angels* | PA 1-604-091 | Gilbert Grosso |
| *The Voyeur 33* | PA 1-375-419 | John Leslie Nuzzo |
| *Bet Your Ass 5* | PA 1-383-994 | Jon Rutkowski |
| *Boob Bangers 4* | PA 1-375-421 | Jon Rutkowski |
| *Black Power* | PA 1-375-426 | Joseph Nassivera |
| *(Belladonna's) Odd Jobs* | PA 1-382-822 | Michelle Kelly |

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV12- 5565 PSG (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT

for the
Central District of California

JOHN STAGLIANO, INC., GILBERT
GROSSO, GIACINTO FUSCO,
KATHLEEN NUZZO, JON RUTKOWSKI,
JOSEPH NASSIVERA, CARLTON
SHURMAN, and MICHELLE KELLY,

*Plaintiffs,*

vs.

DIRECT DISTRIBUTIONS, INC., and
BLING BUNKS, INC.,

*Defendants.*

CV 12-05565 PSG(FFMx)
Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: (*Defendant's name and address*)    DIRECT DISTRIBUTIONS, INC., and
BLING BUNKS, INC.,

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

D. Gill Sperlein                (p) 415-404-6615
584 Castro Street, Suite 879    (f) 415-404-6616
San Francisco, CA 94114         (e-mail) gill@sperleinlaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUN 2 6 2012

*CLERK OF COURT*

**JULIE PRADO**

Date: _____        *Signature of Clerk or Deputy Clerk*

1154

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> JOHN STAGLIANO, INC., GILBERT GROSSO, GIACINTO FUSCO, KATHLEEN NUZZO, JON RUTKOWSKI, JOSEPH NASSIVERA, CARLTON SHURMAN, and MICHELLE KELLY, | DEFENDANTS <br> DIRECT DISTRIBUTIONS, INC., and BLING BUNKS, INC., |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> D. Gill Sperlein (SBN 172887)   ph: 415-404-6615 <br> The Law Office of D. Gill Sperlein   fx: 415-404-6616 <br> 345 Grove Street, San Francisco, CA  94102   gill@sperleinlaw.com | Attorneys (If Known) <br><br> **ORIGINAL** |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding     ☐ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify):     ☐ 6 Multi-District Litigation     ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No     ☑ **MONEY DEMANDED IN COMPLAINT: $** According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. Sec. 101

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**     Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 6/26/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |