D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California  94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill @ sperleinlaw. com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JOHN STAGLIANO, INC., GILBERT
GROSSO, GIACINTO FUSCO,
KATHLEEN NUZZO, JOHN
RUTOWSKI, JOSEPH NASSIVERA,
CARLTON SHURMAN, AND
MICHELLE KELLY,

 Plaintiffs,

   vs.

DIRECT DISTRIBUTIONS, INC., and
BLING BUCKS, INC.,

 Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.: CV12-05565 PSG (FFMx)**

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER**

**DATE:  November 26, 2012
TIME:  1:30 p.m.
CtRm:  880**

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA  94102
TEL: 415-404-6615   FAX: 415-404-6616

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................1

STATEMENT OF FACTS .........................................................................................2

ARGUMENT ............................................................................................................2

I.  THIS COURT HOLDS SPECIFIC JURISDICTION OVER DEFENDANTS. .........................2

    A.  Plaintiff Must Only Make a Prima Facia Showing of Personal Jurisdiction, and the Court Must Resolve All Factual Disputes in Plaintiffs' Favor. ...............................................2

    B.  Defendants Are Subject to Limited Personal Jurisdiction in this Matter under the Effects Doctrine............................................................................................................3

II. VENUE IS PROPER UNDER FEDERAL VENUE STATUTES. .......................................8

    A.  Venue is Proper for Plaintiffs' Copyright Infringement Claims Pursuant to 28 U.S.C. §1400(a). ...........................................................................................................8

    B.  Venue is Proper for Plaintiffs' Trademark Infringement Claims Pursuant to 28 U.S.C. § 1391.................................................................................................................9

III.  NO OPERATIVE FORUM SELECTION CLAUSE EXISTS. ...........................................12

IV.  28 U.S.C. §1406(A) DOES NOT APPLY BECAUSE PLAINTIFFS HAVE ESTABLISHED THAT VENUE IN THIS DISTRICT IS PROPER. ..........................................................17

V.  CONVENIENCE OF THE PARTIES AND WITNESSES AND JUDICIAL ECONOMY SUGGEST THAT THE COURT SHOULD NOT TRANSFER THE MATTER PURSUANT TO 28 U.S.C. §1404(A). ............................................................................................18

CONCLUSION.........................................................................................................20

The Law Office of D. Gill Sperlein
345 Grove Street San Francisco, CA  94102
Tel: 415-404-6615    Fax: 415-404-6616

-ii-

# TABLE OF AUTHORITIES

## CASES

*3DO Co. v. Poptop Software, Inc.*, 1998 U.S. Dist. Lexis 21281(N.D.Cal. Oct. 27, 1998) .................. 5

*Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109 (C.D. Cal. 2009) .......... 10

*Chang v. Chen*, 80 F3d 1293 (9th Cir. 1996) ........................................................................ 11

*Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.,*
   *106 F.3d 284 (9th Cir. 1997)* ....................................................................................... 4, 8

*Combs v. Bakker*, 886 F.2d 673 (4th Cir. 1989) ................................................................... 3

*Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482 (9th Cir. 1993)* ................................. 4

*Costar Group, Inc. v. LoopNet, Inc.*, 106 F.Supp.2d 780 (D. Md. 2000) ............................... 3

*Cottman Transmission Sys. v. Martino*, 36 F.3d 291 (3d Cir.1994) ...................................... 9

*Goldberg v. Cameron*, 482 F. Supp. 2d 1136 (N.D. Cal. 2007) ......................................... 7, 8

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F.Supp.2d 1282 (D.Ariz., 2009) ......... 9

*Io Group, Inc. v. Pivitol, Inc., 2004 U.S. Dist. LEXIS 6673 (N.D.Cal.)* ............................... 4

*Janel Russell Designs, Inc. v. Mendelson & Assocs., 114 F. Supp. 2d 856 (D. Minn. 2000)* .......... 4

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) .......... 6

*Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979) ........ 8

*Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 43 S.Ct. 312, 67 L.Ed. 596 (1923) ............... 8

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509 (9th Cir. 1988) ............................... 12

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011 ...................... 5

*Murphy v. Schneider National, Inc.*, 362 F.3d 1133 (9th Cir.2004) ..................................... 11

*Mylan Labs, Inc. v.Akzo, N.V.* , 2 F.3d 59 (4th Cir. 1993) ................................................. 3

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ....................................... 4

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ............................ 3

*The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) ........... 12

*Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633 (2d Cir.1956) .......................................... 10

*VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed.Cir.1990) .................... 8

*Woodke v. Dahm*, 70 F.3d 983 (8th Cir.1995) .................................................................. 9

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

-iii-

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) ......... 4

**STATUTES**

28 U.S.C. § 1391 ...................................................................................................................... 9, 12

28 U.S.C. § 1391(b)(2) ................................................................................................................... 9

28 U.S.C. § 1404(a) ..................................................................................................................... 18

28 U.S.C. §1400(a) ......................................................................................................................... 8

28 U.S.C. §1406(a) ....................................................................................................................... 17

The Law Office of D. Gill Sperlein
345 Grove Street San Francisco, CA 94102
Tel: 415-404-6615    Fax: 415-404-6616

-iv-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Law Office of D. Gill Sperlein
345 Grove Street San Francisco, CA 94102
Tel: 415-404-6615    Fax: 415-404-6616

## STATEMENT OF FACTS

Defendant Direct Distributions (Enterprises) Inc. is a New York company entirely owned by Yariv Aharony that distributes erotic movies both in DVD format and electronically through the Internet website mallcom.com.  Declaration of Yariv Aharony in Support of Defendants' Motion to Dismiss or Transfer (Aharony Decl.), ECF. No. 8-2 at ¶3.  Direct Distributions Enterprises, Inc., falsely identifying itself as Direct Distributions, Inc., entered a licensing agreement to distribute movies directed and produced by Gilbert Grosso through the mallcom.com website.   Declaration of Michael D. Kuznetsky in Support of Defendants' Motion to Dismiss or Transfer (Kuznetsky Decl.), ECF. No. 8-1 at ¶¶1 and 3 and Ex. 1.

Independently, Aharony organized BlingBucks, Inc., a separate New York corporation to operate a website at pornstar.com.  Aharony Decl. *in passim*.  The pornstar.com website was not contemplated by the Grosso licensing agreement. Declaration of Gilbert Grosso in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss or Transfer (Grosso Decl.) at ¶8.  In fact, rather than negotiate licensing deals to obtain content for the pornstar.com website, BlingBucks simply made digital copies of DVDs made available through Digital Distributions (Enterprises), Inc. and sold subscriptions to view these movies through the pornstar.com website.  *See*, First Amended Complaint (FAC), ECF No. 7 at ¶23.  The

pornstar.com website was primarily an infringing website and it sold access to many works for which it had not obtained any licensing rights, including movies belonging to six other Plaintiffs in this action, as well as, plaintiff Gilbert Grosso. *Id.* at ¶¶35-36. BlingBucks, Inc. sold a significant portion of the subscriptions to pornstar.com to residents of California, including residents of the Central District of California. *Id.* at ¶29; Aharony Decl. at ¶16.

Entirely separate from any facts in this action, John Stagliano, Inc. sold DVDs to Direct Distributions Enterprises, Inc.  Because Direct Distributions Enterprises, Inc. failed to pay its invoices, John Stagliano, Inc. filed a breach of contract action against Direct Distributions Enterprises, Inc. in the Supreme Court of the State of New York. Declaration of Christian Mann in Support of Plaintiffs' Opposition to Motion to Dismiss or Transfer (Mann Decl.) at ¶4.

## ARGUMENT

### I.  THIS COURT HOLDS SPECIFIC JURISDICTION OVER DEFENDANTS.

#### A.  Plaintiff Must Only Make a Prima Facia Showing of Personal Jurisdiction, and the Court Must Resolve All Factual Disputes in Plaintiffs' Favor.

"If the existence of jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question.  If the court chooses to rule solely on the basis of the complaint, affidavits and discovery materials, 'the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

in order to survive the jurisdictional challenge'." *Costar Group, Inc. v. LoopNet, Inc.*, 106 F.Supp.2d 780, 783 (D. Md. 2000), citing *Combs v. Bakker*, 886 F.2d 673,676 (4th Cir. 1989). "In deciding whether the plaintiff has proved a *prima facie* case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Id.* at 784, *citing Mylan Labs, Inc. v.Akzo, N.V.* , 2 F.3d 59, 60 (4th Cir. 1993).

The First Amended Complaint, Defendants' moving papers, this Opposition, and the supporting declarations sufficiently prove by a preponderance of the evidence that personal jurisdiction over BlingBucks, Inc. is proper although only *prima facie* evidence is required.

## B. Defendants Are Subject to Limited Personal Jurisdiction in this Matter under the Effects Doctrine.[1]

Defendant Direct Distributions, Inc. does not contest personal jurisdiction. Defendant BlingBucks, Inc. contests personal jurisdiction, but the facts clearly establish that jurisdiction is proper in California. Defendants correctly recite the three prongs necessary to establish specific jurisdiction: 1) purposeful availment; 2) arising out of; and 3) fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004).

---

[1] Plaintiffs do not concede the issue of general jurisdiction, but because Defendants clearly are subject to specific jurisdiction, Plaintiffs concentrate their arguments on an analysis of specific jurisdiction.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA. 94102
TEL: 415-404-6615    FAX: 415-404-6616

**Purposeful Direction (Availment)**

Under the "effects doctrine", a plaintiff can establish purposeful availment based on "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered -- and which the defendant knows is likely to be suffered -- in the forum state." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (quoting *Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1486 (9th Cir. 1993). See also, Io Group, Inc. v. Pivitol, Inc., 2004 U.S. Dist. LEXIS 6673*16 (N.D.Cal.).* Copyright infringement may be characterized as an intentional tort. *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir. 1997)*, overruled on other grounds by *Feltner v. Columbia Pictures Television, 523 U.S. 340, 140 L. Ed. 2d 438, 118 S. Ct. 1279 (1998)*; *Janel Russell Designs, Inc. v. Mendelson & Assocs., 114 F. Supp. 2d 856, 862 (D. Minn. 2000).*

In *Toeppen*, the Ninth Circuit specifically stated that, "[b]ecause the defendant's tortuous behavior was knowingly aimed at a company whose principal place of business was in California, and whose industry -- the entertainment industry -- was primarily located in California, defendant's conduct was likely to have an effect in the forum state. As defendant knew his actions were likely to cause harm in California, under the "effects test," the purposeful availment requirement necessary for specific,

-4-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

personal jurisdiction was satisfied." *Toeppen at 1322.   See also*, *3DO Co. v. Poptop Software, Inc.*, 1998 U.S. Dist. Lexis 21281(N.D.Cal. Oct. 27, 1998), citing *Toeppen*, 141 F3d at 1322.

Plaintiffs have alleged, and Defendants have not denied, that BlingBucks, Inc. intentionally copied and published works belonging to Plaintiffs by and through an interactive website operating at the domain pornstar.com.  FAC at ¶35-36.  BlingBucks does not deny that it knew Plaintiff John Stagliano d/b/a Evil Angel and various other Plaintiffs reside and do business in California.  Moreover, it is common knowledge that California is the epicenter of adult video production and that the majority of adult production companies continue to operate from within California.

Defendants' reliance on *Mavrix Photo, Inc., v. Brand Technologies* is misplaced.  Like Defendant BlingBucks, the defendant in *Mavrix* had no offices, real property, or staff in California, was not licensed to do business in California, and paid no taxes in California.  *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1222 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 1101, 181 L. Ed. 2d 979 (U.S. 2012).  However, applying the three prong test, the Ninth Circuit found that while the requirements of general jurisdiction were not satisfied, the requirements of specific jurisdiction were.  More directly, the Court stated, "we find most salient the fact that [defendant] used [plaintiff's] copyrighted photos as part of its exploitation of the California market for its own commercial gain.  *Id. at* 1229.  Defendants attempt to distinguish BlingBucks

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

-5-

from the Defendant in *Mavrix* by stating that there are no advertisements on the infringing pornstar.com website that specifically target California residents.  However, Defendants fail to acknowledge that the website at issue in *Mavrix* was an advertisement driven website.  Thus, *Mavrix* sold no memberships or subscriptions to California residents and the advertisements targeted to California residents therefore were extremely relevant.   Here, Defendant BlingBucks earns its revenue from California residents by **actually selling subscriptions directly to Californians.**  Thus, this case is more closely analogous to *Hustler*, the case upon which the Ninth Circuit heavily relied in forming its opinion in the *Mavrix* case.   In *Hustler*, the U.S. Supreme Court found "regular circulation of magazines in the forum State is sufficient to support an exercise of jurisdiction in a libel action based on the contents of the magazine."  *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 773, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).  Defendant BlingBucks admits it sold memberships/subscriptions to the infringing website  to individuals residing in the state of California.   Aharony Decl. at ¶16.  In order to make these sales, which were entirely online, Defendants had to collect billing information indicating the purchases were being made from within the state of California.  Mann Decl. at ¶3.  It therefore knew that it was actively selling infringing works within California in addition to knowing that the harm caused by its infringement would be suffered within California.   Although the information as to the number of sales generated in California is under Defendants' control, they have failed

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA  94102
TEL: 415-404-6615     FAX: 415-404-6616

to inform the Court how many subscriptions it sold here.   Since the California economy represents roughly twenty percent (20%) of the U.S. economy, the number can be assumed to be significant.

Under the Effects Doctrine, Defendant BlingBucks, Inc. has purposefully availed itself of the privilege of conducting activities in California, because it knowingly infringed Plaintiffs' trademarks and copyrights, it expressly aimed its acts at California by selling subscriptions to the infringing works to California residents, and it understood that the negative effect of its infringement would be suffered in California where Plaintiffs' operate their businesses.

**Arising out of**

Clearly Plaintiffs claims against BlingBucks arise out of or relate to the BlingBucks' forum related activities, since the infringement occurred on the website to which BlingBucks sold subscriptions to California residents.   FAC at ¶35-36.

**Fair Play and Substantial Justice**

Defendants have made no attempt to meet their burden of establishing that if jurisdiction is otherwise proper, the exercise of personal jurisdiction would not comport with fair play and substantial justice.   *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1146 (N.D. Cal. 2007).   Moreover, "[j]urisdiction is presumed to be reasonable once the first two prongs of the specific jurisdiction test have been met", as they have here.   *Id*.

The Law Office of D. Gill Sperlein
345 Grove Street San Francisco, CA  94102
Tel: 415-404-6615     Fax: 415-404-6616

-7-

## II.  VENUE IS PROPER UNDER FEDERAL VENUE STATUTES

### A.  Venue is Proper for Plaintiffs' Copyright Infringement Claims Pursuant to 28 U.S.C. §1400(a).

Venue in federal courts is governed entirely by statute. *See*, *Leroy v. Great Western United Corp.,* 443 U.S. 173, 181, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979).

"The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007), *citing*, *Lumiere v. Mae Edna Wilder, Inc.,* 261 U.S. 174, 176, 43 S.Ct. 312, 67 L.Ed. 596 (1923).  Under section 28 U.S.C. §1400(a), "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides *or may be found*".  28 USC §1400(a), *emphasis added*.

"The Ninth Circuit has interpreted the statute to mean that venue "is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Goldberg v. Cameron*, 482 F. Supp. 2d at 1143, citing *Columbia Pictures Television,* 106 F.3d at 288 and *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1583 (Fed.Cir.1990) (venue is proper in any district in which there is personal jurisdiction over the defendant).

Defendant Direct Distributions Enterprises, Inc. has not contested personal jurisdiction in the Central District of California.   The reasons establishing that

The Law Office of D. Gill Sperlein
345 Grove Street San Francisco, CA 94102
Tel: 415-404-6615   Fax: 415-404-6616

Defendant BlingBucks, Inc. is subject to personal jurisdiction within the state of California set forth *supra*. pertain equally when applied to the Central District of California as if it were a separate state.   Thus, both Defendants  "may be found" in the Central District of California, and, with regard to Plaintiffs' copyright infringement claims, venue properly lies in this District.

### B.  Venue is Proper for Plaintiffs' Trademark Infringement Claims Pursuant to 28 U.S.C. § 1391.

Only Plaintiff John Stagliano's trademark claims are subject to the general venue provision set forth at 28 U.S.C. § 1391.   *See*, Golden Scorpio Corp. v. Steel Horse Bar & Grill, 596 F.Supp.2d 1282, 1286 n. 3 (D.Ariz., 2009) ("Because the Lanham Act has no special venue provision, the general venue statute applies").

Pursuant to 28 U.S.C. § 1391, venue for John Stagliano Inc.'s trademark infringement claims is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated".  28 U.S.C. § 1391(b)(2).

"In a trademark suit brought under the Lanham Act, a 'substantial part' of the events giving rise to the claims occur in any district where consumers are likely to be confused by the accused goods, 'whether that occurs solely in one district or in many.'" *Golden Scorpio Corp. v. Steel Horse Bar & Grill,* 596 F.Supp.2d 1282, 1286 quoting *Cottman Transmission Sys. v. Martino,* 36 F.3d 291, 295 (3d Cir.1994) and citing *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir.1995) ("The place where the alleged

passing off occurred ... provides an obvious correct venue"); *See also*, *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir.1956) ("[I]n cases involving trademark infringement and unfair competition, the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's").

Plaintiffs alleged in its First Amended Complaint that Defendants sold a significant number of memberships to the website with the infringing trademarks to California residents.  FAC at ¶29.  Defendants admit that they sold subscriptions to the infringing pornstar.com website, but do not provide the Court with any information about the number of California subscriptions generally or the number of subscriptions to individuals in the Central District of California specifically.  Aharony Decl. at ¶16.  A Court in this District found that it can consider evidence outside the pleadings and that "considering defendants' superior access to proof regarding their sales in this district" it would accept as true that defendants made sales within the district, especially in light of the fact that only a "modest amount of sales infringing plaintiff's trademarks" was necessary to establish venue.  *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1130 (C.D. Cal. 2009).

Plaintiffs concede that for the purposes of venue, the Court must consider the sales specifically within the Central District of California.  However, given that the

CV12-05565 PSG (FFMx)
Opposition to Defendants' Motion to Dismiss

The Law Office of D. Gill Sperlein
345 Grove Street San Francisco, CA  94102
Tel: 415-404-6615   Fax: 415-404-6616

Central District includes the Greater Los Angeles Area which is the largest urban center within the State of California, one can reasonably infer that that a large portion of pornstar.com's California sales came from within this District.  *See*, *Murphy v. Schneider National, Inc.,* 362 F.3d 1133, 1138 (9th Cir.2004) (When considering a motion to dismiss for improper venue, "the trial court is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party.")  Moreover, Plaintiffs failure to allege that a significant number of sales came from this District rather than from the state as a whole is an error that could be corrected through an amendment to the Complaint. Pursuant to this Court's Standing Order, Defense counsel should have brought this issue to Plaintiffs' counsel attention during the mandatory meet and confer process in order to allow Plaintiff the opportunity to correct the defect prior to filing the motion, which he did not.  Sperlein Declaration in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss or Transfer (Sperlein Decl.) at ¶2.  *See*, Standing Order Regarding Newly Assigned Cases, ECF No. 6 at ¶6(a), *citing*, *Chang v. Chen*, 80 F3d 1293, 1296 (9th Cir. 1996)[2].

Further, the trademarks upon which Plaintiff John Stagliano Inc's Lanham Act claims are based, are owned and administered solely from within the Central District of

---

[2] This same deficiency in the meet and confer procedures would have allowed Plaintiff to seek to Amend the Complaint to properly allege that the majority of the Plaintiffs reside in California.

-11-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA 94102
TEL: 415-404-6615    FAX: 415-404-6616

The Law Office of D. Gill Sperlein
345 Grove Street San Francisco, CA 94102
Tel: 415-404-6615   Fax: 415-404-6616

California. And although the location of the copyrights should not be considered when evaluating whether venue lies on Plaintiffs' trademarks claims, all of the copyrights are administered from within this District and the copyright registration certificate for each identifies an address within this District as well.[3]

Pursuant to 28 U.S.C. § 1391, venue on Plaintiff John Stagliano's trademark infringement claims properly lies in the Central District of California.

### III.  NO OPERATIVE FORUM SELECTION CLAUSE EXISTS.

There is no written agreement in place establishing New York as the exclusive jurisdiction for Gilbert Grosso's claims against Direct Distributions Enterprises, Inc.[4]

Federal law applies to the analysis of the effect and scope of the forum selection clause. *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *See also*, *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512 (9th Cir. 1988).

It is Defendants' burden to establish that the parties agreed to establish New York as the exclusive jurisdiction for bringing Plaintiffs' claims. They have failed to meet this burden.

---

[3] Although this fact was not alleged in the First Amended Complaint, in ruling on a motion to dismiss for improper venue, "the court may consider evidence outside the pleadings." *eBay Inc. v. Digital Point Solutions, Inc.,* 608 F.Supp.2d 1156, 1161 (N.D.Cal.2009); *See also*, *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996).

[4] It is undisputed that no such agreement is in effect with regard to Defendant BlingBucks, Inc. or Plaintiffs John Stagliano, Inc., Giacinto Fusco, Kathleen Nuzzo, Jon Rutkowski, Joseph Nassivera, Carlton Shurman, or Michelle Kelly.

-12-

There are fundamental problems with the written instrument Mr. Kuznetsky alleges to be the operative document, including the manner in which Defendants submitted the document to the Court.  With no explanation, Defendants' trial counsel submitted the document to the Court by attaching it to his declaration, stating that he can testify that the attached license agreement is a true and correct copy of the agreement between Plaintiff Gilbert Grosso and Defendant Direct Distributions Enterprises, Inc.  Kuznetsky Decl. at ¶3, Ex.1.  However, he offers no explanation as to how he knows this to be true, and it seems unlikely that he does.   Mr. Grosso is unaware that Mr. Kuznetsky had anything to do with the drafting, negotiation, or execution  of the submitted instrument.  Grosso Decl. at ¶7.  There appears no reason for having Mr. Kuznetsky testify to the authenticity of the document rather than Mr. Aharony.

The document's other irregularities suggest that Mr. Aharony never intended for himself or his companies to be bound by the instrument.  Both Mr. Aharony and Mr. Kuznetsky testify that the correct name of the Mr. Aharony's company is Direct Distributions Enterprises, Inc.  Aharony Decl. at ¶2; Kuznetsky Decl. at¶1.  However, the name of the company that appears on the purported license agreement is Direct Distributions, Inc.   Moreover, the copy of the document Defendants submitted to the Court does not appear to have been executed by the purported licensee, either as Direct Distribution, Inc. or Direct Distributions Enterprises, Inc.  Mr. Grosso testifies that he

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA 94102
TEL: 415-404-6615    FAX: 415-404-6616

-13-

never received a countersigned copy of the agreement and as far as he is aware the written agreement was never fully executed and has never been in effect.  Grosso Decl. at ¶6.  It is unclear as to whether Defendants ever exploited the works in manner that was consistent with the terms of the licensing agreement, but if they did, they never made any payment to Mr. Grosso for such use.  *Id.*    It is plausible, perhaps even likely, that Mr. Aharony intentionally deceived Mr. Grosso and then held the unilaterally executed agreement so that he could to attempt to enforce provisions of the agreement only if he later found it to be to his advantage  (as he has now done), while at the same time purposely undermining the document (e.g. deliberately using the wrong corporate name, failing to fully execute the instrument, and leaving Exhibit A blank) so that he could denounce the agreement if it better suited him.  Only when Mr. Grosso filed this action against Direct Distributions Enterprises, Inc.[5] did Mr. Aharony attempt to revive the document and use it to his advantage.[6]

---

[5]  Based on Mr. Aharony  and Mr. Kuznetsky's testimony that Direct Distributions Enterprises, Inc.  is the proper name of the company that exploited Plaintiffs' works without authorization, Plaintiffs will seek leave to file a Second Amended Complaint to properly name Defendant Direct Distributions Enterprises, Inc.

[6]  The Agreement also is arguably a contract of adhesion.  Direct Distributions, a sophisticated business represented by counsel, presented the document which it drafted to Grosso, an artist who speaks English as a second language.  Grosso Decl. at ¶¶3 and 5.  The agreement is decidedly one-sided in favor of Direct Distributions and clearly indicates its superior bargaining position.   The section on Direct Distributions' warranties actually limits its liability (§6A); the Studio agrees to defend, indemnify and hold Direct Distributions harmless, but there is no corresponding obligation for Direct Distributions (§6C); while either party could terminate the Agreement for a breach,

Even if the written agreement submitted by Defendants were a properly executed agreement between Direct Distributions Enterprises, Inc. and Plaintiff Gilbert Grosso, which it is not, Defendants' unauthorized reproduction, sale, distribution, and public display of Mr. Grosso's movies by and through the pornstar.com website did not arise out of the agreement and was in no way related to the agreement and thus the forum selection clause would not regulate the actions alleged in the First Amended Complaint.  Grosso Decl. at ¶8.

Perhaps the best evidence that the infringement claims are independent of the licensing agreement is the fact that the Defendants did not infringe Grosso's works under a false assumption that  the instrument allowed for the reproduction and unlimited consumption sale of Gilbert Grosso's films by and through pornstar.com - a website wholly unknown to Grosso and the other Plaintiffs.  This is clear because the Defendants infringed on the other Plaintiffs' works in the same manner where no licensing agreement of any kind was ever negotiated.  In fact, John Stagliano, Inc. flatly refused to enter **any** online licensing agreement with Defendant Direct Distributions Enterprises, Inc..  FAC at ¶23.  The purported licensing agreement will **not** be necessary to determine whether the Defendants infringed the works of the other

---

Direct Distributions "retain[ed] the exclusive right to terminate [the] Agreement for any reason at anytime" (§8B); Direct Distributions is protected against liability for special, incidental, consequential, or punitive damages, without providing a corresponding limitation for the studio (§11G); and the Studio was prohibited from assigning the agreement, while Direct Distributions could assign the agreement without even notifying the studio (§11H).

-15-

The Law Office of D. Gill Sperlein
345 Grove Street San Francisco, CA 94102
Tel: 415-404-6615   Fax: 415-404-6616

Plaintiffs.  Defendants may attempt to limit their exposure to damages by claiming that they believed their use was permitted under the licensing agreement, but any such argument will fail, and making such an argument does not support their argument that use on an entirely different website arose out of the agreement, when clearly it did not.

Defendants' papers strongly suggest that Aharony's other company, BlingBucks, Inc., was solely responsible for operating pornstar.com and the licensing agreement simply did not cover or relate to BlingBuck's infringing pornastar.com website.  It seems rather perverse and certainly inconsistent to argue that Direct Distributions Enterprises, Inc. had no part in operating the infringing website and then to argue on the other hand that the infringement on that site arose out of the written licensing agreement Defendants claim governs the relationship between Direct Distribution Enterprises, Inc. and Gilbert Grosso.  Moreover, it would be manifestly unjust to allow Direct Distributions Enterprises, Inc. to compel transfer to New York courts, when it has according to its own testimony ceased to operate and will therefore likely escape justice when a judgment is eventually entered against it.  Aharony Decl. at ¶8.

Further, it is clear that the written instrument, even if duly negotiated and executed by the proper parties does not govern the type of use either Defendant engaged in by and through the pornstar.com website, which offered subscribers "unlimited consumption" - meaning that the consumer paid a flat fee and could watch as much material from various companies as they wished to or were able to.  This

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA  94102
TEL: 415-404-6615     FAX: 415-404-6616

-16-

model is extremely unattractive for premium brands such as Gilbert Grosso's Christopher Clark line, because the producer would receive the same share of the revenue as producers of discount brands, even though the consumers were likely only watching the premium brands.  Grosso has never permitted the sale of his films in this manner, nor would he.  Grosso Decl. at ¶8.

Even if the venue provision did apply as to Grosso and Direct Distributions Enterprises, Inc., it does not apply to the remaining Parties.  Therefore, in the unlikely event that the Court finds that the forum selection clause applies, Plaintiffs respectfully request that the Court sever Grosso's claims from the remaining claims and transfer only those claims to the Eastern District of New York.   Plaintiffs specifically request transfer rather than dismissal as the statute of limitations may have run on Plaintiffs' claims since the filing of the Complaint.

**IV.  28 U.S.C. §1406(A) DOES NOT APPLY BECAUSE PLAINTIFFS HAVE ESTABLISHED THAT VENUE IN THIS DISTRICT IS PROPER.**

1406 (a) only allows for the transfer of actions in which are filed in a district where venue does not properly lie.  As Plaintiffs have established *supra*. venue is proper in this district.  Therefore, 28 U.S.C. §1406(a) simply does not apply and the Court cannot dismiss or transfer this matter pursuant to that United States Code section.

The Law Office of D. Gill Sperlein
345 Grove Street San Francisco, CA  94102
Tel: 415-404-6615   Fax: 415-404-6616

-17-

**V.  CONVENIENCE OF THE PARTIES AND WITNESSES AND JUDICIAL ECONOMY SUGGEST THAT THE COURT SHOULD NOT TRANSFER THE MATTER PURSUANT TO 28 U.S.C. §1404(A).**

Plaintiffs have clearly established that this Court properly holds jurisdiction over the Defendants and that venue properly lies in this District.   Nonetheless, Defendants request that the Court transfer the case "for the convenience of the parties and witnesses, and in the interests of justice" pursuant to 28 U.S.C. § 1404(a).   However, Defendants only consider their convenience.

In requesting transfer to the Eastern District of New York, Defendants rely heavily on the forum selection clause in the purported licensing agreement.   However, as set forth above, Gilbert Grosso's claims do not derive from or involve the licensing agreement and the forum selection clause does not govern.   Even if it did there are exceptional factors that indicate transfer would not be appropriate.   In addition to Mr. Grosso (the only possible Plaintiff to whom the forum selection clause could apply), there are seven other Plaintiffs who are not subject to the forum selection clause.   Five of those Plaintiffs reside in the Central District, one in the Northern District of California, and the seventh additional Plaintiff regularly engages in business here.   At a settlement conference or mediation it is conceivable that eight individuals would have to fly from California to New York instead of one individual flying from New York to California.

Although there are two named Defendants, one of them is apparently defunct. The other is entirely owned and controlled by the same individual - Yariv Aharony.

-18-

Defendants identify three witnesses that may be called on to testify. However, all of the Plaintiffs are likely to testify and participate in trial and pre-trial proceedings. Further, Plaintiffs intend to call third party witnesses who reside in this District. Mann Decl. at ¶9. Moreover any number of additional issues may arise requiring the expertise of expert witnesses from within and around Los Angeles and the San Fernando Valley the epicenter of the entertainment and movie production industries in the United States.

Moreover, all of Plaintiffs' witnesses and all of their documents are located within California, mostly within the Central District. Although Plaintiff Gilbert Grosso is resident of Hungry, he and Plaintiff Giacinto Fusco, a resident of Ireland, regularly conduct business in the Los Angeles Area, because the entertainment industry is centered in this District.

Also, all of Plaintiffs records and documents relevant to this matter are located within the Central District of California, although in the electronic age in which we live, the location witnesses is more relevant that the location of documents, and most of the witnesses relevant to this matter reside in the Central District.

If Defendants believe that judicial economy would be served by litigating all of the Plaintiffs' claims in one action, then that action should proceed in the Central District of California - not in the Eastern District of New York.

The Law Office of D. Gill Sperlein
345 Grove Street San Francisco, CA 94102
Tel: 415-404-6615   Fax: 415-404-6616

-19-

## CONCLUSION

For the reasons set forth above, Plaintiffs request that the Court deny Defendants' Motion to Dismiss or in the Alternative to Transfer. Alternatively, if the Court finds that the forum selection clause is in effect and that there are not exceptional factors indicating that transfer is inappropriate, Plaintiffs respectfully request that the Court sever the claims of Gilbert Grosso and transfer only those claims to the Eastern District of New York.

Respectfully Submitted,

Dated: *November 5, 2012*                  *D. Gill Sperlein*
                                          D. GILL SPERLEIN
                                          THE LAW OFFICE OF D. GILL SPERLEIN
                                          Attorneys for Plaintiffs

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

-20-